UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
*Criminal No.* 25-CR-336(JRT-JFD)

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                          )<br>                     Plaintiff,   )<br>                                          )<br>Vs.                                   )<br>                                          )<br>                                          )<br>BRYAN EDISON,                )<br>                                          )<br>                                          )<br>                     Defendant. ) | **DEFENDANT'S MOTION TO REOPEN DETENTION HEARING** |

    Bryan Edison, by and through his attorney, Matthew J. Mankey, hereby moves the Court for a modification of his pretrial release. Specifically, Mr. Edison prays the Court will reopen his detention hearing based on a change of circumstances pursuant to 18 U.S.C. § 3142(f).

    Mr. Edison appeared for his detention hearing on September 17, 2025. The Court followed the recommendations contained in the bond report that there was a serious risk of nonappearance. Mr. Edison was placed in the Bethel halfway house in Duluth, Minnesota.

    The Bail Reform Act permits a defendant to be released pending trial on personal recognizance or subject to a condition or combination of conditions that will reasonably assure the defendant appears for trial and the safety of the community. 18 U.S.C. § 3142(a)(1). If, however, a defendant is ordered detained until trial, there is a statutory

mechanism for reconsideration of the original detention order. 18 U.S.C. § 3142(f)(2). A detention hearing may be reopened at any time before trial,

> "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person in the community." *Id*.

In order to reopen the hearing, the information proffered must be more than newly discovered; Mr. Edison must also show that the new information "is material to and has a substantial bearing on whether the and the defendant should remain detained." *United States v. Gordon-Greenwood*, No. 23-cv-0339 (DWF/DLM) 2024 WL 1461402, at *4 (D. Minn. April 4, 2024) citing *United States v. Hallmon*, No. 22-cr-365 (KMM/DTS) 2023 WL 3116747, at *3 (D. Minn. April 27, 2023) (quoting *United States v. Thomas Petters*, No. 08-cr-364 (RHK/AJB), 2009 WL 205188, at *2 (D. Minn. Jan. 28, 2009; see also *United States v. Schaefer, No.* 22-CR-283 (SRN/TNL), 2023 WL 111980, AT *1 (D. Minn. Jan. 5, 2023). Put another way, Mr. Edison must show how the new information would reduce his risk of nonappearance or the risk that he poses together with the remaining 3142 (g) factors. *United States v. Hall*, No. 19-cr-103 (MJD/ECW), 2020 WL 2992400, at *2 (D. Minn. June 4, 2020).

Mr. Edison avers that the change in circumstances that justify re-opening the detention hearing is that Mr. Edison is soon to become a father. While the pregnancy was known at the time of the detention hearing, the relationship with the mother of his child, Cecelia Macias, was strained. Mr. Edison and Ms. Macias have since decided that he should be a part of the newborn's life. It goes without saying that children do better

when their fathers take an active role in parenting.  Mr. Edison would like to go back to his job at Sam's Club in Shakopee to assist in the financial well-being of Ms. Macias and their newborn.  Having reconciled with Ms. Macias and committing to support her and their newborn is a change of circumstances

The factors to be considered are the nature and circumstances of the offense including whether the defendant is charged with a crime of violence, terrorism, involves a minor victim, or a controlled substance, firearm, or explosive device.  18 U.S.C. § 3142(g)(1).  The weight of the evidence and characteristics of the defendant are to be considered including family ties, employment, financial resources, ties to the community, drug or alcohol abuse, criminal history, and record of appearances at court proceedings.  !8 U.S.C.§ 3142(g)(3)(A).  Also relevant is whether at the time of the current offense or arrest, the defendant was on probation, parole, or other form of supervised release.  18 U.S.C. § 3142(3)(B).  Lastly serious of the danger to any person or the community if the modification is granted is to be evaluated.  18 U.S.C. § 3142(g)(4).

Mr. Edison's alleged crime is for Animal Crushing which has no similarity to crimes of violence (against persons).  The crime does not involve terrorism or crimes against minors and there are no weapons or destructive devices involved.  The bond report indicates that Mr. Edison enjoys good mental and physical health and has numerous community contacts including his parents, children, and a sibling.  Mr. Edison was gainfully employed by Sam's Club in Shakopee, Minnesota. He reported no issues with drugs or alcohol but does have a felony conviction for drugs, but that conviction is

12 years old. The only other negative factor is that unfortunately, he was on probation for a DWI in Scott County, Minnesota at the time he was indicted on the present matter.

The weight of the evidence is a factor that weighs heavily in Mr. Edison's favor. Unlike other animal crushing cases that have a prurient flavor to them, Mr. Edison's activities, that some might consider to be sadistic, merely duplicate what happens in the wild. *See*, *United States v. Richards*, 755 F.3d 269 (5th Cir. 2014). In *Richards*, the defendant bound a kitten, a puppy and a rooster, stuck her heels into them, chopped off their limbs with a cleaver, removed their innards, ripped off their heads and while scantily clad, made sexual references and urinated on them. Mr. Edison, by contrast, has pets that are predators for which he provides prey animals. That he derives pleasure from seeing these animals consumed is irrelevant and is admittedly difficult to watch, but it does not violate 18 U.S.C. § 48. Mr. Edison intends on pursuing these legal theories in a motion to dismiss upon defense counsel further investigation and research by the undersigned.

Mr. Edison respectfully suggests that being committed to being a father and providing emotionally and financially to his newborn greatly reduces any risk of nonappearance as that concern is articulated in the *Hall* and *Gordon-Greenwood* cases, supra.

## CONCLUSION

For the reasons articulated herein, Mr. Edison respectfully requests the Court modify his conditions of release to allow him to reside in his family home or in the

alternative, placed in a halfway house nearer to the Twin Cities during the pendency of these proceedings.

                                                Respectfully submitted,

Dated:
   October 28, 2025             /s/ Matthew J Mankey
                                              Matthew J. Mankey
                                              Attorney ID No. 230303
                                              701 Xenia Ave S Ste 565
                                              Golden Valley, MN 55416
                                              763-560-4388
                                              Attorney for Defendant