# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case. No. 25-cr-336 (JRT/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| Bryan Wesley Edison, | |
| Defendant. | |

This matter is before the Court on Defendant's Motion to Reopen Detention Hearing (Dkt. No. 21). The United States has not responded to the motion.

As a threshold matter, the Court is puzzled by a motion of this sort being brought by a person who is not detained. Mr. Edison was released on conditions, including that he reside at the Bethel Halfway House in Duluth. The statute authorizing motions to reconsider detention decisions, 18 U.S.C. § 3142(f)(2)(B), is limited to reopening detention decisions when new information is presented that "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

Even assuming—which is a stretch—that the statute authorizes motions to modify conditions of release, Mr. Edison's motion does not bear on the safety of the community or the likelihood that Mr. Edison will come to court when scheduled. Instead, the motion

states that Mr. Edison is about to become a father, that his relationship with the child's mother has recently improved, and that children do better with both parents involved in their life. Mr. Edison notes the Bail Reform Act's objectives, and concludes that having a good relationship with his family will reduce his risk of nonappearance. The fact of Mr. Edison's impending fatherhood was of course already known to Mr. Edison at the time of the original detention hearing and so cannot qualify as "new" information and while the Court certainly applauds the claimed improvement in his relationship with the child's mother, there is simply nothing non-speculative in his motion that suggests that granting the motion will increase his likelihood of coming to court as required. For this reason alone, the motion is denied.

Even if the motion is cognizable under the Bail Reform Act, and the Court doubts that it is, the motion would be denied. United States Probation and Pretrial Services reports that Mr. Edison has accumulated seven major rule violations at Bethel and has apparently been told that further violations will result in his removal from the halfway house. Request for Modification by Probation and Pretrial Services, Dkt. No. 22 at 2. Not surprisingly, Probation and Pretrial Services does not support Mr. Edison's request. *Id*.

Accordingly, the Motion to Reopen Detention is DENIED.

Dated: November 7, 2025                               *s/ John F. Docherty*
                                                      JOHN F. DOCHERTY
                                                      United States Magistrate Judge