UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
*Criminal No. 25-CR-336* (JRT/JFD)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>BRYAN EDISON, )<br>)<br>Defendant. )<br>)<br>) | **DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |

Bryan Edison, by and through his attorney, Matthew J. Mankey, submits this supplemental motion in support of the defense's previously filed motion to dismiss the Indictment on the grounds that the alleged conduct does not violate 18 U.S.C. § 48.

## FACTS

The defense relies on the same factual basis provided in prior briefings to the Court.

## ARGUMENT

### THE ANIMAL CRUSHING STATUTE IS UNCONSTITUTIONALLY VAGUE BECAUSE IT INVITES ARBITRARY ENFORCEMENT, THUS THE INDICTMENT SHOULD BE DISMISSED.

The Fifth Amendment Due Process Clause of the United States Constitution provides that "[n]o person shall … be deprived of life, liberty, or property, without due process of law." The Due Process Clause allows for the dismissal of an Indictment when

1

the charging statute is unconstitutionally vague. *Kolender v. Lawson*, 461 U.S. 352, 357 (1983).

"The prohibition of vagueness in criminal statutes is a well-recognized requirement, consonant alike with ordinary notions of fair play and settled rules of law and a statute that flouts it violates the first essential of due process." *Johnson v. U.S.*, 576 U.S. 591, 595 (2015) (citing *Connally v. General Constr. Co.*, 269 U.S. 385, 391 (1926)). "The void-for-vagueness doctrine prohibits the government from imposing sanctions under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Welch v. U.S.*, 578 U.S. 120, 124 (2016). Vagueness in the context of the second prong means that a statute "leaves [its enforcers] free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case." *Giaccio v. Pennsylvania*, 382 U.S. 399, 402-03 (1966). The United States Supreme Court has called this second basis the "more important aspect of the vagueness doctrine." *Kolender*, 461 U.S. at 358.

Here, 18 U.S.C. § 48 (the animal crushing statute) is facially void for vagueness because it is subject to arbitrary enforcement by the Government.

As of the most recent 2019 amendment to the animal crushing statute, there are now three different avenues that the Government can prove animal crushing. In the first option, as is charged in this case, the Government can prove just the act of "crushing," which makes it "unlawful for any person to purposely engage in animal crushing in or affecting interstate or foreign commerce or within the special maritime and territorial jurisdiction of the United States." 18 U.S.C. § 48(a)(1). "Crushing" is defined as "actual conduct in which

2

one or more living non-human mammals, birds, reptiles, or amphibians is purposely crushed, burned, drowned, suffocated, impaled, or otherwise subjected to serious bodily injury (as defined in section 1365 and included conduct that, if committed against a person and in the special maritime and territorial jurisdiction of the United States, would violate section 2241 and 2242)." 18 U.S.C. § 48(f)(1).

In the Government's second option, they can prove the "creation of animal crushing videos," which makes it "unlawful for any person to knowingly create an animal crush video, if – (A) the person intends or has reason to know that the animal crush video will be distributed in, or using a means or facility of, interstate or foreign commerce; or (B) the animal crush video is distributed in, or using a means or facility of, interstate or foreign commerce." 18 U.S.C. § 48(a)(2).  "Animal crush video" is defined as "any photograph, motion-picture film, video or digital recording, or electronic image that – (A) depicts animal crushing; and (B) is obscene." 18 U.S.C. § 48(f)(2).

The Government's third option then permits them to prove the "distribution of animal crush videos,", which makes it "unlawful for any person to knowingly sell, market, advertise, exchange, or distribute an animal crush video in, or using a means or facility of, interstate or foreign commerce." 18 U.S.C. § 48(a)(3). The definition of "animal crush video" is the same as option two.

As is clear from the plain language of the statute, the most discernable difference between option one versus options two and three, is that the Government must prove an additional essential element of obscenity in options two and three. As the defense has

3

already previously argued, and the Government has essentially conceded, the alleged conduct in Mr. Edison's case fails to meet the obscenity standard.

However, the vague language of the statute permits the Government, as they are in this case, to simply subvert the obscenity element by charging only "crushing" under 18 U.S.C. § 48(a)(1), and then pigeonholing the video associated with the alleged "crushing" to satisfy the interstate commerce element, instead of simply charging it as an "animal crush video." In other words, the Government can obfuscate the "animal crush video" portion of the statute by stating that the conduct is simply "crushing" and was videoed in a way that affected interstate commerce, but it was not an "animal crush video." That is a distinction without a difference, it is arbitrary, and results in the Government having their non-obscene cake and eating it too. And that is particularly true when the Sentencing Guidelines appear to make no distinction between obscene and non-obscene conduct in these matters. *See* U.S.S.G. § 2G3.1. In fact, the Sentencing Guidelines assume the conduct to be obscene.

Additionally, it is simply illogical to believe that the Legislature intended this statute to vest virtually complete discretion in the hands of prosecutors to decide if they will choose to classify alleged conduct, such as Mr. Edison's, as "crushing" or as an "animal crush video." That is particularly true in cases like Mr. Edison's, where it is readily apparent that there exist videos, which were created and/or distributed by Mr. Edison, and affected interstate commerce. When that is the case, the Legislature created the specific and distinct offenses involving "animal crush videos" to encompass that conduct and it is

4

arbitrary for the prosecution to ignore that part of the statute when making a charging decision.

Further, if simple "crushing" can be used in this manner, along with an accompanying video to establish federal jurisdiction, it begs the question, why would any prosecutor ever charge the offenses of creating and/or distributing an "animal crush video," when doing so requires the Government to then prove an additional obscenity element? Instead, as is the case here, prosecutors will wisely only charge the easier-to-prove "crushing" offense, sans the obscenity requirement. That unfettered prosecutorial discretion, particularly the discretion to subvert the obscenity language, invites the arbitrary enforcement of the animal crushing statute, which invariably was enacted in large part to punish obscene animal crushing videos from being distributed online.

## CONCLUSION

For the foregoing reasons, the defense respectfully requests that the Court find that the animal crushing statute is facially void-for-vagueness and dismiss the Indictment.

Respectfully submitted,

**Mankey Law Office**

Dated: 2/10/2026

/s/ Matthew J Mankey
Matthew J Mankey
Attorney ID No. 230303
701 Xenia Ave S Ste 565
Golden Valley, MN 55416
763-560-4388
Attorney for Defendant