**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Case No. 25-cr-336 (JRT/JFD) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Bryan Wesley Edison, | |
| Defendant. | |

This case is before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1 for a report and recommendation on Defendant Bryan Wesley Edison's Motion to Dismiss (Dkt. No. 45).[1] The United States filed an opposition to the motion to dismiss on March 10, 2026 (Dkt. No. 53), and the Court took the motion under advisement as of that date. For the reasons set forth below, the Court recommends that the motion to dismiss be denied.

Mr. Edison is charged with 16 counts of Animal Crushing, in violation of 18 U.S.C. § 48(a)(1). (Indictment at 3–9, Dkt. No. 1.) The Court quotes the entirety of § 48(a) in this Report and Recommendation because all three subsections—(a)(1), (a)(2), and (a)(3)—will come into play.

---

[1] Mr. Edison also filed a document captioned "Speedy Trial Demand," which was docketed as a "Motion for a Speedy Trial" (Dkt. No. 46). Because the motion asks for what Mr. Edison is already entitled to by the Constitution and 18 U.S.C. § 3161(h), the Court recommends that the motion be denied as moot.

**(a) Offenses**.--

**(1) Crushing**.--It shall be unlawful for any person to purposely engage in animal crushing in or affecting interstate or foreign commerce or within the special maritime and territorial jurisdiction of the United States.

**(2) Creation of animal crush videos**.--It shall be unlawful for any person to knowingly create an animal crush video, if--

(A) the person intends or has reason to know that the animal crush video will be distributed in, or using a means or facility of, interstate or foreign commerce; or

(B) the animal crush video is distributed in, or using a means or facility of, interstate or foreign commerce.

**(3) Distribution of animal crush videos**.--It shall be unlawful for any person to knowingly sell, market, advertise, exchange, or distribute an animal crush video in, or using a means or facility of, interstate or foreign commerce.

18 U.S.C. § 48(a).

In seeking dismissal, Mr. Edison first argues that the conduct described in the Indictment does not violate 18 U.S.C. § 48 because the conduct is not obscene. (Def.'s Mot. Dismiss at 1–3.) The Court analyses this argument as a challenge to the sufficiency of the Indictment.

"[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). "An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable

construction, to charge the offense for which the defendant was convicted." *United States v. Fleming*, 8 F.3d 1264, 1265 (8th Cir. 1993).

The problem with Mr. Edison's argument is that the statutory provision he is charged with violating—§ 48(a)(1)—does not have an obscenity element. Obscenity is an element of two other provisions—§ 48(a)(2) and (a)(3). Subsection (a)(2) prohibits the creation of animal crush videos, and subsection (a)(3) prohibits the distribution of animal crush videos. An animal crush video is defined as "any photograph, motion-picture film, video or digital recording, or electronic image that--(A) depicts animal crushing; and (B) *is obscene*." 18 U.S.C. § 48(f)(2) (emphasis added). Thus, obscenity is an element of creating or distributing animal crush videos, but it is not an element of animal crushing. Mr. Edison is not charged with creating animal crush videos; he is charged with animal crushing. It is true that the United States has video evidence of Mr. Edison's alleged animal crushing, but the videos are not the crime itself. The United States has not charged Mr. Edison with the creation of animal crush videos. Therefore, Mr. Edison's argument that the conduct alleged is not obscene is not a basis for dismissal.[2]

Mr. Edison next argues that the animal crushing statute is unconstitutionally vague on its face because it invites arbitrary enforcement by the government. (Def.'s Suppl. Mem. at 1–2, Dkt. No. 47.) Mr. Edison observes there are three different ways someone can

---

[2] With respect to Mr. Edison's argument that the alleged conduct was no worse than nature videos, the Court considers this part of his obscenity argument and thus does not address it separately. In addition, although the Court doubts that the videos in this case mimic nature, even if they did, Mr. Edison leaves it unclear why mimicking nature is a basis for dismissing a criminal indictment.

violate the statute: (1) animal crushing, (2) creating animal crush videos, and (3) distributing animal crush videos. (*Id.* at 2); *see* 18 U.S.C. § 48(a). As discussed above, the United States must prove obscenity for the crimes of creating animal crush videos and distributing animal crush videos, but not for the crime of animal crushing. Mr. Edison contends that the language of the statute creates unfettered prosecutorial discretion and invites arbitrary enforcement. (*Id.* at 4–5.)

A criminal statute is unconstitutionally vague when "it fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015). With respect to the latter half of this standard, "Congress must provide minimal requirements to guide law enforcement in order to prevent police officers, prosecutors, and juries from pursuing their personal predilections." *United States v. Washam*, 312 F.3d 926, 931 (8th Cir. 2002) (cleaned up). In other words, a statute must "describe with sufficient particularity what a suspect must do in order to satisfy the statute." *Kolender v. Lawson*, 461 U.S. 352, 361 (1983).

Mr. Edison argues that § 48 is vague because it provides three ways the United States can prove animal crushing. (Def.'s Suppl. Mem. at 2.) The premise of Mr. Edison's argument is flawed, however, because there is only one offense for the actual act of animal crushing. Title 18 U.S.C. § 48 criminalizes three acts: (1) animal crushing, (2) creating animal crush videos, and (3) distributing animal crush videos. There is only one crime for crushing—the offense described in § 48(a)(1). The two other offenses criminalize the

creation and distribution of videos that depict crushing in an obscene manner. 18 U.S.C. § 48(a)(2), (a)(3), (f)(2).

In enacting § 48, Congress chose to prohibit the act of animal crushing, as well as the creation and distribution of obscene videos depicting animal crushing. Thus, the video-creation and video-distribution crimes contain an obscenity element that the crushing crime does not. Section § 48's prohibition of both non-obscene animal crushing and the creation or distribution of obscene animal crushing videos in the same statute does not invite arbitrary enforcement, however. If an individual engages in animal crushing, they are charged under § 48(a)(1); if an individual creates an obscene video of animal crushing, they are charged under § 48(a)(2); and if an individual distributes an obscene video of animal crushing, they are charged under § 48(a)(3). The United States did not "subvert the obscenity element by charging only 'crushing.'" (*See* Def.'s Suppl. Mem. at 4.) The prosecution viewed the videos and apparently determined they were not obscene—a point with which Mr. Edison agrees.

That the alleged animal crushing in this particular case also happened to be videotaped does not make § 48 susceptible to arbitrary enforcement. If the animal crushing in this case were videotaped and the video were obscene, for example, Mr. Edison could have been charged under § 48(a)(2). If the alleged animal crushing were not obscene—then whether or not it were videotaped—it should have been (and was) charged under § 48(a)(1).

Nor does the United States' intended use of the video-recordings as evidence make enforcement arbitrary. The videos contain evidence of Mr. Edison's alleged conduct, but

5

they are not an element of the charged offense. There is nothing vague or arbitrary about a prosecutor deciding to charge animal crushing under § 48(a)(1) and then using video evidence to prove the elements of the crime, including, for that matter, the interstate commerce requirement. (*See* Def.'s Suppl. Mem. at 4 (accusing the United States of "pigeonholing" the videos to satisfy the interstate commerce element).)

Mr. Edison asks why the United States would ever charge the creation or distribution of an animal crush video when it would then have to prove the additional element of obscenity. (*See* Def.'s Suppl. Mem. at 5.) The Court has already explained how the elements of the three crimes differ, but the United States' response to this argument is worth noting too. The United States correctly explains that, in some cases, the identity of the person who tortured the animal might be unknown, but the identity of the person who created or distributed the obscene video is known. In that situation, it would be appropriate to charge the person under § 48(a)(2) or (a)(3), not (a)(1).

In light of all the above, the Court concludes that the possibility that a person could be charged with one, two, or all three types of crimes under § 48 does not invite arbitrary enforcement or unfettered prosecutorial discretion. Section 48(a)(1) describes with particularity what a person must do to violate it: purposely engage in animal crushing. Similarly, § 48(a)(2) and (a)(3) describe with particularity what a person must do to be convicted of creating animal crush videos and distributing animal crush videos.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Bryan Wesley Edison's Motion to Dismiss (Dkt. No. 45) be **DENIED**; and

2. Defendant Bryan Wesley Edison's "Motion for a Speedy Trial" (Dkt. No. 46) be **DENIED AS MOOT**.

Dated: April 1, 2026

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under LR 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

7