**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

UNITED STATES OF AMERICA,

                              Plaintiff,

v.

BRYAN WESLEY EDISON,

                              Defendant.

Civ. No. 25-336 (JRT/JFD)

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTIONS TO DISMISS**

---

Matthew D. Evans, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Minneapolis, MN 55415, for Plaintiff.

Bryan Wesley Edison, Sherburne County Jail, SPN #32698, 13880 Business Center Drive Northwest, Elk River, MN 55330, *pro se* Defendant.

Defendant Bryan Wesley Edison is charged with 16 counts of Animal Crushing in violation of 18 U.S.C. § 48(a)(1).  (Indictment, Sept. 4, 2025, Docket No. 1.)  Edison has filed six motions to dismiss the indictment, five of which remain pending.[1]  On June 5, 2026, United States Magistrate Judge John F. Docherty issued a Report and Recommendation ("R&R") recommending that Edison's five pending motions to dismiss be denied.  (R&R, Docket No. 81.)  Edison filed timely objections to the R&R (Objections

---

[1] Edison's already-resolved motion to dismiss was addressed in the Court's June 1, 2026 Order (Docket No. 80).

("Objs."), June 22, 2026, Docket No. 90), and the Government responded (July 13, 2026,

Docket No. 95).

Because the Court concludes that Edison's objections to the R&R either improperly

represent arguments already made to the Magistrate Judge or otherwise lack merit, the

Court will adopt the R&R in full and will deny each of Edison's pending motions to dismiss.

## BACKGROUND

### I.      FACTS

The relevant facts and procedural history of this case are set forth in the Magistrate

Judge's R&R.  (*See* R&R at 1–13.)

## DISCUSSION

### I.      STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may "serve and file specific written

objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2);

*accord* D. Minn. LR 72.2(b)(1).  "The objections should specify the portions of the

magistrate judge's report and recommendation to which objections are made and

provide a basis for those objections."  *Mayer v. Walvatne*, Civ. No. 7-1958, 2008 WL

4527774, at *2 (D. Minn. Sept. 28, 2008).  For dispositive motions, the Court reviews de

novo a "properly objected to" portion of an R&R.  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn.

LR 72.2(b)(3).  Objections which are not specific but merely repeat arguments presented

to and considered by a magistrate judge are not entitled to de novo review but rather are

reviewed for clear error.  *See, e.g.*, *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d. 1012, 1017 (D. Minn. 2015).

Edison's motions to dismiss were filed pro se.  A document filed by a pro se litigant must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Eighth Circuit has been willing to liberally construe otherwise general pro se objections to R&Rs and to require a de novo review of all alleged errors.  *See Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994).  However, "pro se litigants are not excused from failing to comply with substantive and procedural law."  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

## II.   ANALYSIS

Edison has filed six motions to dismiss in this case.  The Court has already denied the first one.  (*See* Order, June 1, 2026, Docket No. 80.)  In an R&R issued on June 5, 2026, the Magistrate Judge recommended that the Court deny Edison's five remaining motions to dismiss.  The Court will address each pending motion in turn.

### A.   Edison's Second Motion to Dismiss

Edison's second motion to dismiss argues that his conduct as alleged in the Indictment cannot support a conviction under the Animal Crushing statute.  (Second Mot. Dismiss, Apr. 13, 2026, Docket No. 61.)  He argues that his "animal management practice, commonly known as live feeding, is exempt from the Animal Crushing statute."  (Second Mot. Dismiss at 4.)

But the Magistrate Judge correctly noted that Edison did not present any argument or legal authority to support this theory.  The Magistrate Judge recommended the motion be denied, concluding that Edison's assertion that his conduct falls within a statutory exemption must be resolved through a trial on the merits of the charges against him. (R&R at 3.)

Edison's Objections to the R&R simply renew his arguments from the second motion to dismiss, and still do not include any legal authority for the proposition that his conduct was exempt from the statute.  The Court finds no reason to conclude that the charges against Edison should be dismissed as a matter of law.  Accordingly, the Court will adopt the R&R as to the second motion to dismiss and will deny the motion.

### B.    Edison's Third Motion to Dismiss

Edison's third motion to dismiss argues that the charges against him should be dismissed because they "violate[] religious exercise and criminalize[] God's design and the natural way of life."  (Third Mot. Dismiss at 3, Apr. 15, 2026, Docket No. 65.)  More specifically, he argues that applying the Animal Crushing statute to his conduct violates the Religious Freedom Restoration Act of 1993 (RFRA), 42 U.S.C. § 2000bb, et seq.

The Magistrate Judge noted that Edison had failed to clearly describe the sincerely held religious belief that he asserts is inhibited in this case.  The Magistrate Judge further concluded that "Edison has not shown that the Animal Crushing statute or this prosecution significantly inhibit or constrain his religious expression, meaningfully curtail his ability to express adherence to his faith, or deny him a reasonable opportunity to

engage in an activity fundamental to his religion." (R&R at 6.) The R&R therefore recommended Edison's third motion be denied.

Edison's Objections clarify that his sincerely held religious belief is "that forcing a person to feed another living being carrion is contrary to Islam and expressly forbidden in the Quran." (Objs. at 1.) But the statute under which Edison is charged does not compel Edison, or anyone, to "feed another living being carrion." (*See id.*) Moreover, the allegations in the Indictment go well beyond Edison's decisions regarding what he feeds the animals he owns. (*See, e.g.,* Indictment at 1 (alleging that Edison "uploaded and made available . . . videos that he had created depicting animals being crushed and tortured for his and his viewers' sadistic enjoyment.").) Edison's claims that the charges in this case violate RFRA are unavailing. Even reviewing the Magistrate Judge's conclusions on Edison's third motion to dismiss de novo, the Court will adopt the R&R and will deny the motion.[2]

### C.    Edison's Fourth Motion to Dismiss

Edison's fourth motion to dismiss raises two arguments: (1) that the Animal Crushing statute is unconstitutionally vague; and (2) that the Government is selectively prosecuting Edison based on his race. (Fourth Mot. Dismiss, Apr. 17, 2026, Docket No. 68.) The Magistrate Judge carefully considered Edison's arguments and rejected them. As to vagueness, the Magistrate Judge concluded that "the Animal Crushing statute gives

---

[2] The Government maintains that Edison's objections trigger review only for clear error.

adequate notice that a person of ordinary intelligence who purposely engages in the conduct alleged in the Indictment could reasonably understand their conduct was prohibited." (R&R at 8.) And, as to targeted prosecution, the Magistrate Judge stated that Edison failed to show that "people similarly situated to him were not prosecuted or that the decision to prosecute was motivated by a discriminatory purpose." (R&R at 9.)

Edison's objections relating to his fourth motion to dismiss relate only to the Magistrate Judge's consideration of the vagueness challenge. These objections are broad and repetitive of the arguments in Edison's motion to dismiss; accordingly, the Court need only review the conclusions in the R&R for clear error. *See, e.g.*, *Montgomery*, 98 F. Supp. 3d. at 1017. However, even reviewing the R&R de novo, the Court reaches the same conclusion as the Magistrate Judge.

Due process protects against the enforcement of any law which "fails to give ordinary people fair notice of the conduct it punishes . . . ." *Johnson v. United States*, 576 U.S. 591, 595 (2015). To determine if a statute is unconstitutionally vague, courts must consider whether the statute provides adequate notice of the prohibited conduct and whether it lends itself to arbitrary enforcement. *Metro. Omaha Prop. Owners Ass'n, Inc. v. City of Omaha*, 991 F.3d 880, 886 (8th Cir. 2021). As long as a statute provides sufficient information on what is prohibited, "meticulous specificity" is unnecessary. *Grayned v. City of Rockford*, 408 U.S. 104, 110 (1972).

Federal law prohibits "animal crushing" which is defined as "conduct in which one or more living non-human [animals] . . . is purposely crushed, burned, drowned, suffocated, impaled, or otherwise subjected to serious bodily injury . . . ." 18 U.S.C. §§ 48(a)(1), (f)(1). Edison argues that this statue does not provide him with sufficient notice that his alleged wrongdoing in this case—which he describes as simply feeding animals "live prey"—is prohibited. (Objs. at 4.) But Edison's characterization of his own conduct falls far short of what is alleged in the Indictment. The Indictment, among many other allegations, states that Edison filmed hundreds of videos depicting animals being crushed, drowned, tortured, skinned, dismembered, and eaten by large reptiles, and that Edison posted those videos online. (Indictment ¶ 1.) The Indictment alleges that Edison offered these videos for sale in interstate commerce and engaged in all of this conduct purposefully. (*Id.* ¶¶ 1(c), (h).) The Court concludes that a reasonable person would have fair notice that this alleged conduct violates 18 U.S.C. § 48. Because the statute provides adequate notice of the prohibited conduct, the Court declines to conclude that the statute is unconstitutionally vague.

With respect to Edison's claim of selective prosecution, Edison's Objections do not expressly challenge the Magistrate Judge's conclusion that he failed to produce any evidence tending to show that people similarly situated to him were not prosecuted. The Court nevertheless emphasizes that Edison's contentions lack merit. To prevail on his claim that he is being prosecuted because of his race, Edison must show: (1) that other

similarly situated individuals have not been prosecuted for similar conduct; and (2) that he was singled out for prosecution on account of his race. *United States v. Leathers*, 354 F.3d 955, 963 (8th Cir. 2004). Aside from conclusory statements, Edison provides no evidence of either required showing.

Accordingly, the Court will adopt the R&R in full as to Edison's fourth motion to dismiss and will deny the motion.

### D. Edison's Fifth Motion to Dismiss

Edison's fifth motion to dismiss also presents arguments based on the purported vagueness of the Animal Crushing statute; argues that the Indictment should be dismissed under Fed. R. Crim. P. 12(b)(3)(B)(V) because it fails to state an offense; and argues that the Indictment violates the Due Process Clause of the Fifth Amendment. (Fifth Mot. Dismiss, Apr. 24, 2026, Docket No. 73.) The Magistrate Judge thoroughly considered, and rejected, each of Edison's arguments—many of which were repetitive of Edison's prior motions to dismiss. (R&R at 9–11.)

Even construing Edison's objections liberally and reviewing the relevant portions of the R&R de novo, the Court will deny Edison's fifth motion to dismiss. As outlined above, the Court rejects Edison's argument that the relevant statute in this case is unconstitutionally vague. The Court also rejects Edison's contention that the Indictment fails to state an offense because, as the Magistrate Judge stated, "the Indictment tracks the language of the statute and alleges each element." (R&R at 10.)

Accordingly, the Court will adopt the R&R as to Edison's fifth motion to dismiss and will deny the motion.

### E.        Edison's Sixth Motion to Dismiss

Edison's sixth motion to dismiss argues that his conduct giving rise to the charges in this case was "excluded from the Government's jurisdiction because it is scientific research." (Sixth Mot. Dismiss at 1, Apr. 30, 2026, Docket No. 75.)  One of the exceptions to charges of Animal Crushing under the statute is "medical or scientific research."  18 U.S.C. § 48(d)(1)(D).  However, as the Magistrate Judge indicated, Edison "offered no argument or legal authority that would support the dismissal of the Indictment before trial based on the scientific research exception . . . ."  (R&R at 11.)  Further, Edison does not raise any objections to the Magistrate Judge's recommendation as to his sixth motion to dismiss.  The Court will therefore adopt the recommendation and deny the motion.

### CONCLUSION

After thorough review of Edison's objections to the Magistrate Judge's R&R, the Court will adopt the R&R and will deny each of Edison's five pending motions to dismiss.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Magistrate Judge's Report and Recommendation (Docket No. [81]) is **ADOPTED in full.**

-10-

2. Defendant Bryan Wesley Edison's Objection to Order and Report and Recommendation (Docket No. [90]) is **OVERRULED**.

3. Defendant's Second Motion to Dismiss (Docket No. [61]) is **DENIED**.

4. Defendant's Third Motion to Dismiss (Docket No. [65]) is **DENIED**.

5. Defendant's Fourth Motion to Dismiss (Docket No. [68]) is **DENIED**.

6. Defendant's Fifth Motion to Dismiss (Docket No. [73]) is **DENIED**.

7. Defendant's Sixth Motion to Dismiss (Docket No. [75]) is **DENIED**.

DATED: July 17, 2026                          _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                         JOHN R. TUNHEIM
                                                United States District Judge