**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

BRYAN WESLEY EDISON,

Defendant.

Criminal No. 25-336 (JRT/JFD)

**MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTIONS AND PRE-TRIAL SCHEDULING ORDER**

Defendant Bryan Wesley Edison is charged with 16 counts of Animal Crushing in violation of 18 U.S.C. § 48(a)(1). Edison has filed seven motions to dismiss the indictment, one of which remains pending.[1] Edison has also filed a Motion for Determination of Speedy Trial Status and/or Trial Setting.

Edison's motion to dismiss repeats arguments previously addressed in the Court's prior orders. The Court will again conclude that the animal crushing statute is not unconstitutionally vague, and it will deny Edison's motion to dismiss. As for Edison's motion for the Court to set a trial, the motion will be granted in part, and a trial will be scheduled for October 26, 2026.

[1] Edison's first motion to dismiss was addressed in the Court's June 1, 2026 Order (Docket No. 80). Edison's second through fifth motions to dismiss were addressed in the Court's July 17, 2026 Order (Docket No. 97.)

## BACKGROUND

The relevant facts and procedural history of this case are set forth in prior filings, including the First Report and Recommendation (R&R) (April 1, 2026, Docket No. 59) and the Second R&R (June 5, 2026, Docket No. 81). The Court adopted both R&Rs in full. (Order Adopting First R&R, June 1, 2026, Docket No. 80; Order Adopting Second R&R, July 17, 2026, Docket No. 97.)

Edison now brings a Motion to Dismiss Pursuant to the Due Process Clause of the Fifth Amendment (Mot. to Dismiss, Aug. 6, 2026, Docket No. 101) and a Motion for Determination of Speedy Trial Status and/or Trial (Speedy Trial Mot., June 11, 2026, Docket No. 84).

## DISCUSSION

### I. MOTION TO DISMISS

Edison seeks dismissal of the indictment because 18 U.S.C. § 48—the statute he is charged with violating—is unconstitutionally vague under the Fifth Amendment of the United States Constitution.

A criminal statute is unconstitutionally vague when "it fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015). With respect to the latter half of this standard, "Congress must provide minimal requirements to guide law enforcement in order to prevent police officers, prosecutors, and juries from pursuing

their personal predilections." *United States v. Washam*, 312 F.3d 926, 931 (8th Cir. 2002) (cleaned up). In other words, a statute must "describe with sufficient particularity what a suspect must do in order to satisfy the statute." *Kolender v. Lawson*, 461 U.S. 352, 361 (1983).

Edison argues that "the Indictment fails the fair warning challenge because it is the direct result of a 'novel construction of a criminal statute[.]'" (Mot. to Dismiss at 3 (purporting to quote *McBoyle v. United States*, 283 U.S. 25, 27 (1931)).)

It is true that "due process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope." *United States v. Lanier*, 520 U.S. 259, 266 (1997). But the application of the animal crushing statute to Edison's conduct is not a novel or unfair construction. *See* 18 U.S.C. §§ 48(a)(1), (f)(1) (prohibiting "animal crushing," defined as "conduct in which one or more living non-human [animals] . . . is purposely crushed, burned, drowned, suffocated, impaled, or otherwise subjected to serious bodily injury").

Edison has brought these same arguments before, and the Court has repeatedly rejected them. (*See, e.g.*, First R&R at 2–6; Second R&R at 6–9; Order Adopting Second R&R at 7–8.) The Court again concludes that the animal crushing statute gives adequate notice that a person of ordinary intelligence who purposely engages in the conduct alleged in the Indictment could reasonably understand their conduct was prohibited.

Because the statute provides adequate notice of the prohibited conduct, the statute is not unconstitutionally vague.

## II. MOTION FOR DETERMINATION OF SPEEDY TRIAL STATUS

Edison also moves for the Court to "set a hearing to determine the Speedy Trial Act status of the case or to set a trial date in compliance with the Speedy Trial Act." (Speedy Trial Mot. at 1.) The Court will grant this motion in part and will set a trial date of October 26, 2026.

The Court further reminds Edison that filing pretrial motions, including motions to dismiss, toll the speedy trial clock. *See* 18 U.S.C. § 3161(h)(1)(D).

## CONCLUSION

The Court will deny Edison's motion to dismiss because the animal crushing statute is not unconstitutionally vague, and because the application of the statute to this case is not novel. Edison's motion that the Court determine speedy trial status or set a trial will be granted in part, and a trial will be scheduled for October 26, 2026.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Bryan Wesley Edison's Motion to Dismiss Pursuant to the Due Process Clause of the Fifth Amendment (Docket No. [101]) is **DENIED**.
2. Defendant's Motion for Determination of Speedy Trial Status and/or Trial (Docket No. [84]) is **GRANTED IN PART**, as follows:

a. Jury Trial is set to begin on **October 26, 2026**, at 9:00 AM in Courtroom 14E before Judge John R. Tunheim.

b. Pretrial Conference set for **October 26, 2026**, at 08:00 AM in Courtroom 14E (MPLS) before Judge John R. Tunheim.

c. Proposed Exhibit List due by **October 16, 2026**. Proposed Expert Witness List due by **October 16, 2026**. Motions In Limine due by **October 16, 2026**. Responses to Motions In Limine due by **October 21, 2026**. Voir Dire due by **October 19, 2026**. Voir Dire set for **October 26, 2026,** at 09:00 AM in Courtroom 14E before Judge John R. Tunheim.

DATED: August 27, 2026
at Minneapolis, Minnesota.

/s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge