UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-336 (JRT/JFD)

UNITED STATES OF AMERICA,
Plaintiff,

v.

BRYAN WESLEY EDISON,
Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR A BENCH TRIAL**

The United States of America, by and through its undersigned attorneys, responds to the Defendant's motion for a bench trial on the basis that his religious beliefs entitle him to have his case decided by a judge, and that jurors are not sufficiently equipped to hear this case (ECF No. 112). For the reasons explained below, the Court should therefore deny the Defendant's motion for a nonjury trial under Fed. R. Crim. Pro. 23(a)

## I. ARGUMENT

The United States Constitution provides that "[t]he trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed," Art. III, § 2, cl. 3, before a "jury of the State and district wherein the crime shall have been committed," amend. VI. It also secures to criminal defendants the right to trial by "an impartial jury," *id.*, and to due process of law, amend. V.

Federal Rule of Criminal Procedure 23(a) provides that if the defendant is entitled to a jury trial, the trial *must* be by jury unless:

(1) The defendant waives a jury trial in writing;

(2) The government consents; and

(3) The court approves.

"Nothing in the Constitution guarantees one the right to select his own tribunal or the right to a speedy and public trial by a fair and impartial judge." *United States v. Sun Myung Moon*, 718 F.2d 1210, 1217 (2d Cir. 1983). Ordinarily, if the government does not consent, the defendant will not be entitled to a bench trial. *Singer v. U.S.*, 380 U.S. 24, 34 (1965); *see also United States v. Jackson*, 278 F.3d 769, 771 (8th Cir. 2002) ("Here, because the government never consented to Jackson's *pro se* request, the district court did not abuse its discretion in denying it.") (citing *United States v. Drefke*, 707 F.2d 978, 983 (8th Cir. 1983)). This is because "[t]he government has a 'legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before the tribunal which the Constitution regards as most likely to produce a fair result.'" *U.S. v. Senogles*, Crim. No. 08–117 (DWF/RLE), 2008 WL 3200178, at *1 (D. Minn. Aug. 4, 2008) (citing *Singer*, 380 U.S. at 36). "Rule 23(a) does not require that the Government articulate its reasons for demanding a jury trial at the time it refuses to consent to a defendant's proffered waiver." *Singer*, 380 U.S. at 37.

The *Singer* Court did suggest, in dicta, that there may be "circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that the Government's insistence on trial by jury would result in the denial to a defendant of an impartial trial." *Singer*, 380 U.S. at 37. Apart from *Singer*, the sole case Edison cites for support is *United States v. Smith*, 702 F. Supp. 3d 206 (S.D.N.Y. 2023) (Motion at 1, n.1). But the circumstances in that case go far beyond what Edison has shown here. The court in *Smith* found it to be an "exceptional case" due to a confluence

of factors, including the defendant's marked anger management issues and psychological infirmities, the need to try the defendant in shackles, along with the decision to proceed *pro se* in this context, which created a substantial and unavoidable risk that he would be subjected to undue prejudice. *Smith*, 702 F. Supp. 3d at 208; *see also United States v. McCoy*, No. CR 23-00085 SOM/KJM, 2024 WL 3594781, at *3 (D. Haw. July 30, 2024) ("This case, however, does not involve an out-of-control defendant, is not so complicated that a jury could not understand it, does not involve multiple defendants, and does not present a substantial and unavoidable risk of prejudice to McCoy's right to a fair trial after reasonable measures are taken.") (distinguishing *Smith* and other collected cases). Edison has fallen short of a showing that his case is such an exceptional case.

### A. Edison's religious beliefs do not entitle him to a bench trial

Edison's invocation of his religious beliefs in the context of his purported entitlement to have his case decided by a judge (Motion at 2-5) is misplaced. He has cited no authority recognizing a religious right to a preferred trier of fact in a criminal prosecution or any other legal dispute. Nor has he identified any other individual of his faith who shares his interpretation of its religious text[1] as requiring trial by judge rather than jury, or that denial of a bench trial is tantamount to religious discrimination. Analogously, the Second Circuit has rejected the argument that a

---

[1] It is worth noting that Edison grounds his argument in a portion of the Old Testament that may be considered a religious text for Jews, Christians, and Muslims (*see* Motion at 3) (quoting Deuteronomy 16), groups which comprise approximately 65% of the U.S. population. *See, e.g.*, *Religious Landscape Study*, Pew Research Center, available at https://www.pewresearch.org/religious-landscape-study/ (last accessed October 9, 2026).

district court erred by refusing to grant a bench trial where the defendant made no showing the government's refusal to consent was to impermissibly punish the exercise of First Amendment rights. *Moon*, 718 F.2d at 1218.

Moreover, his framing of being tried by jury as infringing on his religious liberty misconstrues the import of such freedoms. The court in *Moon* similarly rejected the argument that jury instructions should have given deference to the defendant's religion's definition of what constituted a "religious purpose." *Moon*, 718 F.2d at 1227. As the Court observed, the Religion Clauses of the First Amendment entitle everyone to their own views of what they consider the divine, as well as "the duties such relationship imposes as may be approved by that person's conscience," and to worship in any way that does not infringe upon the equal rights of others. *Id.* at 1228. But "however free the exercise of religion may be, it must be subordinate to the criminal laws of the country, passed with reference to actions regarded by general consent as properly the subjects of punitive legislation." *Id.* (quoting *Davis v. Beason*, 133 U.S. 333, 342 (1890)). By extension, it would make little sense to exempt an individual from rules of criminal procedure, such as Rule 23(a), on the basis of a professed religious belief. This Court should reject Edison's argument that it should be otherwise.

### B. Edison has not shown the issues or evidence in this case are too complex for a jury to fairly evaluate

The issues this case presents are not complex. The elements the government will be required to prove are:

1. The defendant purposely engaged in actual conduct;

2. In which one or more living non-human mammals, birds, reptiles, or amphibians;

3. Were purposely crushed, burned, drowned, suffocated, impaled, or otherwise subjected to death or serious bodily injury;

4. That the conduct was in or affecting interstate or foreign commerce; and

5. None of the exceptions in 18 U.S.C. § 48(d) apply

These are well within the heartland of questions routinely entrusted to juries. Indeed, Edison has cited no authority delineating *any* issues that would be considered too complex to be entrusted to a jury to fairly decide. The legal system addresses issues beyond the knowledge of a lay person by allowing the parties to call expert witnesses to aid a jury. *See* Federal Rule of Criminal Procedure 28. Edison has given no reason why such experts would be insufficient to address his concerns here.

Though Edison correctly identifies the current form of the statute to be relatively new and with little pre-existing case law (Motion at 4), legal issues fall within the province of the parties to present and the Court to decide, and ultimately instruct the jurors on the law. *See* Federal Rule of Criminal Procedure 30. To the extent the statute in this matter presents any novel legal issues, that burden would not fall upon the jury. Otherwise, Edison does little to establish complexity in the issues this case presents, beyond conclusory statements suggesting 16 counts with "countless exhibits" and "confusing issues" would be "'too hard'" for a jury to decide (Motion at 4). This Court should reject Edison's unsupported assertions.

## II. CONCLUSION

For the forgoing reasons, the government respectfully requests that the Court deny the Defendant's request for a bench trial.

Date: October 9, 2026

Respectfully submitted,

DANIEL N. ROSEN
United States Attorney

BY: /s/ *Jeanne D. Semivan*
Special Assistant U.S. Attorney
United States Attorney's Office
300 S. 4th Street, Suite 600
Minneapolis, MN 55415
(612) 664-5600
Reg. No. 676694