**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

BRYAN WESLEY EDISON,

Defendant.

Civ. No. 25-336 (JRT/JFD)

**MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTIONS**

---

Jeanne Semivan, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Bryan Wesley Edison, Sherburne County Jail, SPN #32698, 13880 Business Center Drive Northwest, Elk River, MN 55330, pro se Defendant.

Defendant Bryan Wesley Edison is charged with 16 counts of Animal Crushing in violation of 18 U.S.C. § 48(a)(1). Edison has filed a Motion to Dismiss, his eighth.[1] He has also filed a motion to waive trial by jury and seeks a bench trial.

Edison's motion to dismiss repeats arguments previously addressed in the Court's prior orders. The Court will again conclude that the animal crushing statute is not unconstitutionally vague, and it will deny Edison's motion to dismiss. And because the

---

[1] Edison's first motion to dismiss was addressed in the Court's June 1, 2026 Order (Docket No. 80). Edison's second through sixth motions to dismiss were addressed in the Court's July 17, 2026 Order (Docket No. 97.) Edison's seventh motion to dismiss was addressed in the Court's August 27, 2026 Order (Docket No. 105.)

Court will conclude that there are no compelling circumstances that overcome the United States' objection to a bench trial, the Court will deny Edison's motion to waive a jury trial.

## BACKGROUND

The relevant facts and procedural history of this case are set forth in prior filings, including the First Report and Recommendation (R&R) (Apr. 1, 2026, Docket No. 59) and the Second R&R (June 5, 2026, Docket No. 81). The Court adopted both R&Rs in full. (Order Adopting First R&R, June 1, 2026, Docket No. 80; Order Adopting Second R&R, July 17, 2026, Docket No. 97.)

Edison now brings a Motion to Dismiss Pursuant to the Due Process Clause of the Fifth Amendment (Mot. to Dismiss, Oct. 2, 2026, Docket No. 113) and a Motion to Waive Trial by Jury Seeking Bench Trial (Mot. for Bench Trial, Oct. 2, 2026, Docket No. 112).[2]

## DISCUSSION

### I. MOTION TO DISMISS

Edison seeks dismissal of the indictment because he argues that the Animal Crushing Statute, 18 U.S.C. § 48—the statute he is charged with violating—is unconstitutionally vague under the Fifth Amendment of the United States Constitution. This is same argument Edison made in several previous motions to dismiss. (*See, e.g.*,

[2] The United States responded to Edison's motions. (Docket Nos. 115 and 116.) Edison replied on October 13, 2026, although the Court did not receive the reply until October 19, 2026. The Court has fully considered the reply.

Docket Nos. 68, 73, 101.) More specifically, Edison again argues that 18 U.S.C. § 48 is unconstitutionally vague and permits arbitrary enforcement.[3]

A criminal statute is unconstitutionally vague when "it fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015). A statute does not invite arbitrary enforcement so long as it "describe[s] with sufficient particularity what a suspect must do in order to satisfy the statute." *Kolender v. Lawson*, 461 U.S. 352, 361 (1983). That includes "establish[ing] minimal guidelines" to guide law enforcement. *Id.* at 358 (quoting *Smith v. Goguen*, 415 U.S. 566, 574 (1974)).

Edison again argues that the Indictment fails for vagueness because "[i]t applies a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope." (Mot. to Dismiss at 18.) Due process does prohibit "courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope." *United States v. Lanier*, 520 U.S. 259, 266 (1997). The Court reiterates that the application of the Animal Crushing statute to Edison's conduct is not a novel or unfair construction. *See* 18 U.S.C. §§ 48(a)(1), (f)(1) (prohibiting "animal crushing,"

[3] After the timeline set by the Court for providing a reply regarding the eighth motion to dismiss, Edison submitted a supplemental memorandum in support of a previous motion to dismiss. (Oct. 15, 2026, Docket No. 118.) This memorandum offers the same arguments as Edison's current and previous motions to dismiss, and, thus, does not alter the Court's decision.

defined as "conduct in which one or more living non-human mammals, birds, reptiles, or amphibians is purposely crushed, burned, drowned, suffocated, impaled, or otherwise subjected to serious bodily injury").

Edison puts forward the same arguments he has made several times before, and that the Court has repeatedly rejected. (*See, e.g.*, First R&R at 2–6; Second R&R at 6–9; Order Adopting Second R&R at 7–8; Order Denying Mot. Dismiss at 3–4, Aug. 27, 2026, Docket No. 105.) The Court again concludes that the animal crushing statute gives adequate notice that a person of ordinary intelligence who purposely engages in the conduct alleged in the Indictment could reasonably understand their conduct was prohibited. Because the Animal Crushing statute provides adequate notice of prohibited conduct, it is not unconstitutionally vague.

## II. MOTION FOR BENCH TRIAL

Edison also filed a motion for a bench trial. (Docket No. 112.) Edison argues that his religious beliefs forbid him from submitting to the judgment of jurors, and he asserts that the complexity of the case is so compelling that a trial before a jury would deny him an impartial trial. (Mot. for Bench Trial at 2.)

The United States Constitution provides that "[t]he trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed." U.S. Const. art. III, § 2, cl 3. "The ability to waive a constitutional right does not ordinarily carry with it the right to insist upon the opposite of that right." *Singer v. United States*, 380 U.S. 24, 34–35 (1965). Thus, if a defendant is entitled to a jury trial, then there generally must be a

jury trial unless "(1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves." Fed. R. Crim. P. 23(a). But there may exist "circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that the Government's insistence on trial by jury would result in the denial to a defendant of an impartial trial." *Singer,* 380 U.S. at 37.

The United States has not consented to a bench trial. (Resp. in Opp. to Mot. for Bench Trial, Oct. 9, 2026, Docket No. 115.) Accordingly, the Court considers whether compelling circumstances here mean that holding a jury trial would deny Edison an impartial trial. Edison argues that two such circumstances exist—first, his religious beliefs forbid judgment by a jury, and second, that the numerous counts and exhibits make the case "too hard" for a jury. (Mot. for Bench Trial at 2.)

First, Edison asserts that his religious beliefs prohibit him from submitting to judgment from laypeople rather than a judge and thus that a jury trial would violate his First Amendment freedoms. (Mot. for Bench Trial at 5.) The Court understands Edison to be arguing that Fed. R. Crim. P. 23(a) burdens the free exercise of his religion. Edison must first show a substantial burden on his religious activity. *Altman v. Minn. Dep't of Corr.*, 251 F.3d 1199, 1204 (8th Cir. 2001). A significant burden exists when the government "significantly constrains conduct or expression that manifests a central tenet of a person's religious beliefs, meaningfully curtails the ability to express adherence to a particular faith, or denies reasonable opportunities to engage in fundamental religious

activities." *Id.* Edison does not argue that the prohibition on a jury trial is a central tenant of his beliefs, that a jury trial would meaningfully curtail his ability to express adherence to his Muslim faith, nor that a jury trial would deny him a reasonable opportunity to engage in an activity fundamental to his religion.

Even if denying a bench trial posed a substantial burden on Edison's religious freedom, the Free Exercise Clause "requires only that the statutes at issue be neutral and generally applicable; incidental burdens on religion are usually not enough to make out a free exercise claim." *New Doe Child #1 v. United States*, 901 F.3d 1015, 1025 (8th Cir. 2018). The right to a jury trial, as enshrined in the Constitution and made operational in Fed. R. Crim. P. 23(a), is quintessentially neutral and generally applicable.

Because a jury trial does not substantially burden his religious activity, the Court concludes that Edison's religious freedom argument is not a compelling circumstance that justifies permitting a bench trial over the Government's objection.

Second, Edison argues that "[t]he 16 counts, countless exhibits and confusing issues demonstrate that this case would be 'too hard' for a lay juror to judge." (Mot. for Bench Trial at 4.) Edison provides no analogous case where having many counts and exhibits was sufficiently compelling that requiring a jury would result in a legally deficient trial. Indeed, the jury trial "itself has been surrounded with safeguards to make it as fair as possible." *Singer*, 380 U.S. at 35. Those safeguards include calling expert witnesses to help aid a jury and providing instructions to the jury on the law. *See, e.g.*, Fed. R. Evid.

702; Fed. R. Crim. P. 30. While 18 U.S.C. § 48(a)(1) has little existing precedent, novelty is not synonymous with complexity. And even if there are challenging or new concepts in the law, it is the Court's duty to instruct the jurors on the law. Edison has not shown that his case is so exceptional that a jury cannot provide an impartial trial.

The Court concludes that there are no compelling circumstances that justify overruling the United States' insistence on a jury trial.

## CONCLUSION

The Court will deny Edison's motion to dismiss because the animal crushing statute is not unconstitutionally vague, and because the application of the statute to this case is not novel. The Court will deny Edison's motion for a bench trial because a jury trial would not substantially burden his religious freedoms and there is no evidence that the case is so complicated that requiring a jury would deny Edison an impartial trial.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Bryan Wesley Edison's Motion to Dismiss Pursuant to the Due Process Clause of the Fifth Amendment (Docket No. [113]) is **DENIED**.
2. Defendant's Motion to Waive Trial by Jury Seeking Bench Trial (Docket No. [112]) is **DENIED**.

DATED: October 20, 2026
at Minneapolis, Minnesota.

/s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge