**October 23 Pretrial Submissions**

Defendant Edison has already invoked his right to knowingly, intelligently and voluntarily waived a trial by jury because it goes against his religion. He does not consent to a trial by jury but if he is forced to entertain one against his will as the government insists, the following voir doir and jury instructions shall be applied to the trial.

1. Motions in limine

Some motions in limine have already been submitted by the defense.

**Motion to PRECLUDE TITLES AND NARRATION/VIDEO TRANSCRIPTS FROM TRIAL**

USCS Fed Rules Evid. R 401, Part 1 of 3

Rule 401. Test for Relevant Evidence

Evidence is relevant if

a) it has any tendency to make a fact more or less probable that it would be without the evidence, and

b) the fact is of consequence in determining the action. Video titles and audio or transcripts would be irrelevant under Rule 401, and even if relevant, its probative value would be substantially outweighed by a danger of confusing the issues, misleading the jury, and misstating the applicable law.

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

HISTORY: Jan. 2, 1975, P. L. 93-595, ⊏ 1, 88 Stat. 1932; April. 26, 2011, eff. Dec. 1, 2011.

HISTORY; ANCILLARY LAWS AND DIRECTIVES

Other provisions:
Notes of Advisory Committee on Rules. The case law recognizes that certain circumstances call for the exclusion of evidence which is of unquestioned relevance. These circumstances entail risks which range all the way from inducing decision on a purely emotional basis, at one extreme, to nothing more harmful than merely wasting time, at the other extreme. Situations in this area call for balancing the probative value of and need for the evidence against the harm likely to result from its admission. Slough, Relevancy Unraveled, 5 Kan. L. Rev. 1, 12-15 (1956); Trautman, Logical or Legal Relevancy ℸ A Conflict in Theory, 5 Van. L. Rev. 385, 392 (1952); McCormick ⊏ 152, pp. 319 ∃ 321. The rules which follow in this Article are concrete applications evolved for particular situations. However, they reflect the policies underlying the present rule, which is designed as a guide for the handling of situations for which no specific rules have been formulated.

Exclusion for risk of unfair prejudice, confusion of issues, misleading the jury, or waste of time, all find ample support in the authorities. Ŧ Unfair prejudice † within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.

The rule does not enumerate surprise as a ground for exclusion, in this respect following Wigmore ≯ s view of the common law. 6 Wigmore ⊏ 1849. Cf. McCormick ⊏ 152, p. 320, n. 29, listing unfair surprise as a ground for exclusion but stating that it is usually Ŧ coupled with the danger of prejudice and confusion of issues.† While Uniform Rule 45 incorporates surprise as a ground and is followed in Kansas Code of Civil Procedure ⊏ 60-445, surprise is not included in California Evidence Code ⊏ 352 or New Jersey Rule 4, though both the latter otherwise substantially embody Uniform Rule 45. While it can scarcely be doubted that claims of unfair surprise may still be justified despite procedural requirements of notice and instrumentalities of discovery, the granting of a continuance is a more appropriate remedy than exclusion of the evidence. Tentative Recommendation and a Study Relating to the Uniform Rules of Evidence (Art. VI. Extrinsic Policies Affecting Admissibility), Cal. Law Revision Comm ≯ n, Rep., Rec. & Studies, 612 (1964). Moreover, the impact of a rule excluding evidence on the ground of surprise would be difficult to estimate.

In reaching a decision whether to exclude on grounds of unfair prejudice, consideration should be given to the probable effectiveness or lack of effectiveness of a limiting instruction. See Rule 106 [now 105] and Advisory Committee ≯ s Note thereunder. The availability of other means of proof may also be an appropriate factor.

The defense requests that the evidence of the titles and the narration and video transcripts be precluded from trial. Like former convictions, felony indictments (or informations) present a high risk of unfair prejudice to the defendant. Although "propensity evidence" is relevant, the risk that a jury will convict for crimes other than those charged – or that, uncertain of guilt, it will convict anyway because a 'bad person' deserves punishment – creates a prejudicial effect that outweighs ordinary relevance. This means that a court should make every effort to redact or exclude any information not relevant to the charge for which the defendant stands trial. To allow the government to offer evidence to prove the predicate felony charges does not dispense the Court from its gate-keeping function to exclude irrelevant evidence that is of negligible probative value and is unfairly prejudicial to the defendant. The amount of prejudice that is acceptable varies according to the amount of probative value the evidence possesses. The more probative the evidence, the more the court will tolerate some risk of prejudice, while less probative evidence will be received only if the risk of prejudice is more remote. Although district courts have wide discretion in admitting and excluding evidence, this discretion does not extend so far as to allow for the inclusion of prejudicial evidence having little or no bearing on any fact of consequence to the case. The government describes the video titles as "sadistic" and the animals cries as they are being slaughtered for food have the high potential to elicit an emotional response which should not be allowed to influence a trial decision. These aspects of the evidence to not have 'probative' value as they do not prove evidence of actual animal crushing or disprove evidence of actual animal crushing.

The evidence of video titles and narration and video transcripts allows the government to prejudice defendant unfairly when the evidence is not probative when applied to the animal

crushing statute. These expressive evidences are protected by the First Amendment and do not warrant criminal liability. The use of these evidences in a trial would support inducing decision on a purely emotional basis, which is an unnecessary risk, and would confuse the jury by misleading the issues.

2. A statement of the case

This case is about the live feeding of prey animals to predator pets and whether or not the conduct of live feeding or permitting predator animals to eat prey animals, which may affect interstate commerce, is a federal offense under the 2019 iteration of the animal crushing statute. This case will decide whether any of Defendant Edison's alleged conduct is lawful live feeding as the Defense claims, or all of it is unlawful animal crushing, as the government alleges. The government has the burden of proof, the burden of persuasion and the burden of production, of proving beyond a reasonable doubt, that the Defendant actively conducted a federal offense, and acted purposely, wanting to cause the social harm the statute was designed to prevent, without any justification, and that none of the statutory exceptions apply

3. Proposed Voir Dire

Here are some of the questions I would like to ask potential jurors:

- Do you own any reptiles?
- Are you a vegetarian?

- Are you familiar with the vagueness doctrine?
- Do you understand what an act of nature is?
- Do you have or have you ever kept any pet rodents?
- Do you know what a meat rabbit is?
- Do you understand live feedings?
- Are you familiar with Cuy?
- Should animals eat other live animals?
- Have you ever had a pet rabbit or guinea pig?
- What is the circle of life?
- Do you think live feedings are necessary?

4. <u>Witness Lists</u>

Subpoena Stephanie Giselle Oseguera for trial examinations

Sharon Hartfield Edison Character Witness

James Forster as Character Witness

Bruce Williams Edison as Character Witness

Brendan Shaffer subpoena for trial examinations

5. <u>Exhibit list</u>

Bryan Edison

This shall be prepared by ~~Robert Meyers~~.

6. Jury Instructions

The first instruction should be the necessity of specific intent *mens rea* element followed by a good faith misunderstanding and belief submission.

Specific intent is a required element of animal crushing statute. Requires defendant to "specifically intend that a particular act be carried out." When a jury instruction omits an element of an offense, we review for harmless error. If the related evidence is neither overwhelming nor uncontested, the error is not harmless. *United States v. Hansen*, 97 F.4th 677

LACK OF SPECIFIC INTENT (element)

Specific intent: [i.e. the concept of a true purpose] Professor S. Kadish, S. Schulhofer & M. Paulsen, Criminal Law 277 (1983) *United States v. Apilado*, 34 M.J. 773

**This level of culpability requires proof only that accused knew conduct was unlawful (not authorized by law). A specific intent crime is one "committed voluntarily and purposely with the specific intent to do something the law forbids."** ***U.S. v. Blair,*** **54 F.3d 639, 642 (10th Cir. 1995)** It requires more than a knowing violation of the law. *U.S. v. Kimes,* 246 F.3d 800, 806 (6th Cir. 2001).

- Require proof of intent.
- Defendant lacked the specific intent necessary to face conviction. To satisfy the specific intent requirement, he must have known that his conduct was unlawful.

- Instruct the jury that the essential element of the government's case is to prove specific intent beyond a reasonable doubt. That defendant subjected animals to unreasonable harm without any justification.
- Due to the culpability requirement of "purposely," the Court must instruct the jury as to the necessity of specific intent as an element of a crime.

This document has been given to Robert Meyers by Defendant Edison to submit on 10/22/2026

**Additional proposed voire dire questions**

- Are you or have you ever been vegan?

**Jury Instruction on interstate commerce**

The Government must prove beyond a reasonable doubt that the defendant's alleged conduct occurred in or affected interstate or foreign commerce. This is an essential element of the offense.

"Interstate commerce" means commerce or travel between two or more States.

The Government need not prove that the defendant knew his conduct affected interstate commerce. However, if the Government relies on an effect on interstate commerce, it must prove that the defendant's conduct actually affected interstate commerce. A merely possible, probable, or potential effect is insufficient. Although the effect may be minimal, it must be established by evidence beyond a reasonable doubt.

The mere fact that an animal, recording, or other item associated with the alleged offense previously crossed state lines does not, by itself, establish that the defendant's conduct occurred in or affected interstate commerce. Nor is this element established solely by the assertion that similar conduct by others, considered collectively, might affect interstate commerce.

If the Government fails to prove this element beyond a reasonable doubt, you must find the defendant not guilty.